UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE A. SCHIAVONI, | ) | CASE NO. 1:24-cv-2090 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT J. MARN, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants Matthew Donovan, John Krueger, Mark Freeman, Ray Kirchner, Janet Dowling, Sean Blake's (collectively, the "Individual Defendants") motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Motion for Judgment") (ECF No. 17). Plaintiff Julie Schiavoni filed a timely response, (ECF No. 22), and the Individual Defendants filed a timely reply in support, (ECF No. 29). For the reasons discussed below, the Motion for Judgment is **GRANTED IN PART AND DENIED IN PART**.

**I.     PROCEDURAL BACKGROUND**

On December 2, 2024, Plaintiff filed a complaint against Defendant Scott Marn, the Individual Defendants, and Defendant City of Mentor. (ECF No. 1). Plaintiff asserts claims based on statutory retaliation, discrimination, assault, battery, gender-based misconduct, hostile work environment, denial of due process, defamation, and breach of confidentiality. (*Id.* at PageID #26–50). Defendant Marn answered the Complaint on January 31, 2025, (ECF No. 5), while the Individual Defendants and City of Mentor filed a joint answer on February 3, 2025, (ECF No. 7).

On April 29, 2025, the Individual Defendants filed the instant Motion for Judgment, seeking to dismiss all claims asserted against them as a matter of law. (ECF No. 17). On June 25,

2025, Plaintiff filed her response in opposition to the Motion for Judgment. (ECF No. 22). The Individual Defendants filed a timely reply in support. (ECF No. 29).

**III.  STANDARD OF REVIEW**

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is essentially a delayed motion to dismiss under Rule 12(b)(6) and is evaluated under the same standards. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021). Because the standards are the same, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Judgment on the pleadings is appropriate where, construing the material allegations of the pleadings and all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that the moving party is entitled to judgment as a matter of law. *Anders*, 984 F.3d at 1174. In construing the pleadings, the Court accepts the factual allegations of the non-movant as true, but not unwarranted inferences or legal conclusions. *Holland v. FCA US LLC*, 656 F. App'x 232, 236–37 (6th Cir. 2016) (citing *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

In deciding a motion under Rule 12(c), courts "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)." *Bates v. Green Farms Condo. Assoc.*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017)). Only "well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief" and "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" will survive. *Id.* (quotation and citation

2

omitted). Rule 8(a)(2) provides that the complaint should contain a short and plain statement of the claim, but that it should be more than a "the-defendant-unlawfully-harmed-me" accusation. *Id.* at 677–78 (citing *Twombly*, 550 U.S. at 555). A plaintiff must provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

When deciding a motion to dismiss under Rule 12(b)(6) or Rule 12(c), generally, the Court cannot consider matters outside the pleadings, unless the motion is converted to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Still, the Court may consider exhibits attached to or otherwise incorporated in the complaint without converting a Rule 12(b) motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**IV.    DISCUSSION**

Plaintiff asserts seventeen counts but does not cite any statute in the pleadings found under each individual count. (ECF No. 1, PageID #26–50). The final paragraph before Count I asserts that Plaintiff has suffered damages for violations of her rights under: (i) "the Ohio Civil Rights Act, as amended §§4112.01, et seq., as amended (2024 Supp.)"; (ii) "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (2024 Supp.)"; (ii) "the Age Discrimination in Employment Act, as amended, 29 U.S.C. 623, et seq., as amended (2024 Supp.)"; and (iv) "the

3

Due Process Clause [ ] of the Fourteenth Amendment to the Constitution of the United States." (*Id.* at PageID #25–26, ¶ 146). In the Motion for Judgment, the Individual Defendants seek their dismissal from this action and state that Plaintiff has alleged claims under: (i) Title VII; (ii) the ADEA; (iii) Ohio Rev Code § 4112.01 *et seq.*; and (iv) the Due Process Clause. (*See* ECF No. 17, PageID #201). The Court will address the Individual Defendants' arguments for dismissal of these specific claims in turn.

### A. Claims under Title VII and Ohio Rev. Code § 4112.01 *et seq.*

The Individual Defendants argue that Plaintiff cannot sustain her claims against them for discrimination and retaliation under Title VII because, as supervisors, they cannot be subject to individual liability under Title VII for the alleged discriminatory practices. (ECF No. 17, PageID #202). They also argue that she cannot sustain her claims under the Ohio Civil Rights Act because: (i) the 2021 amendments to Ohio Rev. Code § 4112.08(A) limited individual supervisor liability to cases where the supervisor aids a discriminatory practice or qualifies as an employer; and (ii) the Complaint contains no allegations that the Individual Defendants retaliated against Plaintiff or aided or abetted any discriminatory practice. (*Id.* at PageID #203–05). In response, Plaintiff states that she "has never asserted that there is individual liability under Title VII and under relatively recent amendments to Ohio Revised Code Chapter 4112." (ECF No. 22, PageID #221). She then argues that this portion of the Motion for Judgment "should be overruled as moot" because "neither the federal nor the state statute provides for individual liability." (*Id.* at PageID #221–22).

The Court cannot discern whether Plaintiff is admitting that she never asserted claims against the Individual Defendants under Title VII and the Ohio Civil Rights Acts, or she is conceding that any such claims cannot be sustained as a matter of law. Either way, the Court finds that Plaintiff does not oppose and has conceded to dismissal of any claims asserted against the

4

Individual Defendants under Title VII and the Ohio Civil Rights Act. Accordingly, all claims asserted against the Individual Defendants under Title VII and Ohio Civil Rights Act are **DISMISSED WITH PREJUDICE**.

    **B.**    **ADEA Claims**

The Individual Defendants argue that Plaintiff cannot sustain her claims against them for retaliation and discrimination under the ADEA because the ADEA does not provide for individual liability. (ECF No. 17, PageID #202, 205). Plaintiff does not address this argument or mention the ADEA in her opposition brief. Because she offered no opposition in response to the arguments for dismissal of the ADEA claims raised by the Individual Defendants, Plaintiff has abandoned all ADEA claims asserted against them and waived any argument in opposition to the dismissal of those claims. *See Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to find that opposition to the motion is waived); *Crable v. City of Cleveland*, No. 1:23-cv-978, 2024 U.S. Dist. LEXIS 27008, at *12 (N.D. Ohio Feb. 16, 2024) ("Generally, a plaintiff abandons a claim where he fails to respond to a defendant's motion to dismiss that claim.") (collecting cases); *Ullmo v. Ohio Tpk.*, 126 F. Supp. 3d 910, 919 (N.D. Ohio 2015) (finding that a plaintiff abandoned a claim where he failed to respond to defendant's motion to dismiss); *Santo's Italian Café LLC v. Acuity Ins.*, 508 F. Supp. 3d 186, 207 (N.D. Ohio 2020) (quoting *Lewis v. Cleveland Clinic Found.*, No. 1:12-cv-3003, 2013 U.S. Dist. LEXIS 168836, at *11 (N.D. Ohio Nov. 27, 2013) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")). Accordingly, all ADEA claims asserted against the Individual Defendants are **DISMISSED WITH PREJUDICE**.

## C. Due Process Claims

The Individual Defendants argue that any due process claims against them should be dismissed because Plaintiff has failed to allege sufficient facts to support that they violated her due process rights, and she failed to identify a protectable due process interest. (ECF No. 17, PageID #206). Plaintiff responds that she has sufficiently alleged a due process claim against the Individual Defendants because: (i) she had a clearly established right to be free of gender-based discrimination and retaliation under Title VII; and (ii) the Individual Defendants ratified Defendant Marn's discriminatory and retaliatory behavior through deliberate indifference and failing to enjoin such behavior.[1] (ECF No. 22, PageID #222–26).

The Fourteenth Amendment states, "[n]o State shall ... deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. This clause has a procedural and a substantive component. *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Procedural due process requires "that the government provide a fair procedure when depriving someone of life, liberty, or property" while substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992)). The threshold question of both a procedural and a substantive due process claim is whether Plaintiffs have shown that a constitutionally protected property or liberty interest exists. *Id.* (citations omitted); *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (providing that a plaintiff bringing a § 1983 procedural due process claim "must show that the state deprived him or her of a constitutionally protected interest . . . without due process of law").

---

[1] Plaintiff also argue that Defendants are not entitled to immunity, (ECF No. 22, PageID #224–25), but the Individual Defendants did not raise any immunity arguments in their Motion for Judgment.

6

As an initial matter, the Court cannot discern the exact nature of Plaintiff's due process claims from the Complaint.  Thirteen of the seventeen counts in the Complaint list "Denial of Due Process" or "Violation of Due Process" in their title, alongside a myriad of other claims within those same counts.  (ECF No. 1, PageID #26–50).  More importantly, a majority of those thirteen counts do not mention due process within their corresponding allegations and none of the seventeen counts clearly explains the exact nature of the alleged due process claims.  (*See id.*).  Reading the Complaint, it is unclear whether these counts are asserting substantive or procedural due process claims, and what precise constitutionally-protected interest Plaintiff is invoking.

That said, Plaintiff's opposition provides some insight into the nature of her due process claims.  Although the opposition does not clarify whether Plaintiff is asserting substantive or procedural due process claims, it appears to specifically identify the alleged protected interest: "Ms. Schiavoni had a clearly established right to be free of gender-based discrimination and retaliation under Title VII."  (ECF No. 22, PageID #223).  Plaintiff reiterates that she had a "*statutory* entitlement to be free of" gender discrimination and retaliation by Defendant Marn.  (*Id.* at PageID #225 (emphasis added)).  The Court will give deference to Plaintiff's characterization of her own claims.  Thus, Plaintiff has identified the alleged protected interest underlying her due process claims as the rights provided under Title VII.  Because Plaintiff asserts specific rights and interests protected under a federal statute (Title VII), instead of a liberty or property interest protected under the Constitution, her due process claims, whether substantive or procedural in nature, fail as a matter of law.  *See EJS Props.*, 698 F.3d at 855.  If Plaintiff wishes to avail herself of the rights and protections under Title VII, she can properly do so by proceeding with her

surviving Title VII claims. Accordingly, the due process claims against the Individual Defendants are **DISMISSED WITH PREJUDICE**.[2]

As stated above, and more fully discussed in the following section, there are other pleading deficiencies with respect to Plaintiff's due process claims. The Court notes that these deficiencies run afoul of the requirements of Fed. R. Civ. 8, which requires Plaintiff to, among other things, submit a short, plain, and concise statement of her claims showing her entitlement to relief and provide the defendants with fair notice of the nature of Plaintiff's legal claims and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Such deficiencies would have provided alternative grounds for dismissal if the Individual Defendants had made that argument in their Motion for Judgment. Even so, this issue and the remedy will be discussed and resolved in the following section.

---

[2] Even if Plaintiff stated that her due process claims were based on a Constitutional right to be free of gender discrimination and harassment, such claims would also be subject to dismissal. If the Constitution provides explicit protection against specific government actions, plaintiffs must pursue their claims under that specific Constitutional provision rather than using the Substantive Due Process Clause. *See Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989))). Both the Supreme Court and Sixth Circuit have explicitly held that the right to be free of sex/gender discrimination in the workplace is guaranteed under the Fourteenth Amendment's Equal Protection Clause. *See, e.g.*, *Davis v. Passman*, 442 U.S. 228, 234–35, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979) ("The equal protection component of the Due Process Clause thus confers on . . . petitioner a federal constitutional right to be free from gender discrimination."); *Poe v. Haydon*, 853 F.2d 418, 429–30 (6th Cir. 1988) (explaining that caselaw and Supreme Court precedent established that sexual harassment by government employers violated the Equal Protection Clause); *Wells v. City of Grosse Pointe Farms*, 581 F. App'x 469, 476 (6th Cir. 2014) (recognizing an equal protection right to be free from gender discrimination). Additionally, the "right to be free from retaliation for protesting sexual harassment and sex discrimination" in the workplace "is a right created by Title VII, not the equal protection clause." *Wilcox v. Lyons*, 970 F.3d 452, 461 (4th Cir. 2020) (quoting *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989) and citing *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004)) (internal quotation marks omitted).

While "[t]he interests protected by substantive due process are of course much narrower than those protected by procedural due process", *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir. 2003), the Court has been unable to discover any case, binding or persuasive, which recognizes the right to be free from sex/gender discrimination as a constitutionally protected liberty interest cognizable under the Due Process Clause of the Fourteenth Amendment. *Accord Strickland v. United States*, 32 F.4th 311, 338–89, 377 (4th Cir. 2022) (affirming the district court's dismissal of a due process claim based on a violation of the right to be free of sex discrimination in the workplace where the lower court found no support of such a liberty interest in Supreme Court or federal caselaw.)

### E. Fed. R. Civ. P. 12(e)

Reviewing the Complaint, the Court finds that it does not comply with the pleading requirements under Fed. R. Civ. P. 8 and 10. Rule 8(a)(2) requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires separately numbered paragraphs and separate "counts" for each claim asserted in a pleading:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed R. Civ. P. 10(b). The Sixth Circuit has noted that "the separation of claims into separate counts is mandatory only if more than one claim has been joined in a complaint and separation will facilitate clear presentation." *See id.* (citing *Nw. Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 552 (N.D. Ohio 1949)). It has also added that the failure to separate each cause of action or claim for relief into separate counts can constitute impermissible "shotgun pleading" that violates the requirement under Rule 10(b). *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013) (holding that a single count raising five causes of action constituted an impermissible "kitchen sink" pleading)). Other circuits have adopted an approach of requiring separate claims to be asserted in separate counts, particularly when the failure to separate results in a lack of proper notice. *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011).

Separation of Plaintiff's claims in this case would promote clarity, facilitate clear presentation of the claims, and provide proper notice to Defendants. The Complaint asserts

seventeen counts that are labeled as follows:

1. Count I – Gender-Based Misconduct, Hostile Work Environment and Denial of Due Process

2. Count II – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

3. Count III – Statutory Retaliation, Hostile Work Environment, Denial of Due Process and Defamation

4. Count IV – Statutory Retaliation, Hostile Work Environment, Denial of Due Process and Defamation

5. Count V – Statutory Retaliation and Hostile Work Environment

6. Count VI – Age Discrimination, Statutory Retaliation and Hostile Work Environment

7. Count VII – Assault, Statutory Retaliation, Hostile Work Environment and Denial of Due Process

8. Count VIII – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

9. Count IX – Assault, Battery, Statutory Retaliation, Hostile Work Environment and Denial of Due Process

10. Count X – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

11. Count XI – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

12. Count XII – Sex Discrimination, Statutory Retaliation, Hostile Work Environment, Denial of Due Process and Defamation

13. Count XIII – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

14. Count XIV – Statutory Retaliation, Hostile Work Environment and Denial of Due Process

15. Count XV – Statutory Retaliation and Hostile Work Environment

16. Count XVI

17. Count XVII – Breach of Confidentiality, Statutory Retaliation and Violation of Due Process Rights

(ECF No. 1, PageID #26–50).  Notably, Count XVI contains no label and it is unclear what specific claim is asserted under this count.  As for the other sixteen counts, each purports to assert multiple causes of action, with some asserting as little as two and others up to five.

10

It is unclear what specific claims or causes of action Plaintiff is asserting in each count, as there is no citation to any federal statute, state statute, or specific Amendment of the Constitution in any of the counts. There are also eight defendants in this action, but Plaintiff's allegations in each count do not specifically identify which defendants the different claims are asserted against. In fact, the Court cannot specify what specific counts are to be dismissed against the Individual Defendants and must dismiss the claims generally. It is also unclear which specific factual allegations in each count serve as the specific basis for each of multiple causes of action supposedly asserted in a specific count. In some of the counts, Plaintiff asserts claims for assault, battery, and defamation; but there is no indication if those claims are being asserted under § 1983 or under Ohio law. The Court cannot discern if Plaintiff is asserting a single due process, retaliation, or discrimination claim across all the various counts, or whether the different counts are alleging claims based on separate incidents or facts. Based on the above, the Court concludes that the complaint constitutes an impermissible "shotgun pleading." *See Lee*, 951 F.3d at 392–93; *Loggins v. Costco Wholesale Corp.*, No. 2:22-cv-2026, 2022 U.S. Dist. LEXIS 106711, at *8–9 (W.D. Tenn. June 15, 2022) (noting that improper "shotgun pleading" typically arises in disputes involving multiple defendants because the pleadings do not provide sufficient notice as to which defendant is liable for which count).

The Court cannot dismiss the complaint on these grounds because the Individual Defendants did not argue for or request such a dismissal. Generally, a party should move for a more definite statement of the pleading pursuant to Rule 12(e) when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion is the appropriate vehicle to address deficiencies under Fed. R. Civ. P. 8(a) and 10(b). *Davey Tree Expert Co. v. P.R. Disaster Recovery, LLC*, No. 5:23-cv-961, 2023 U.S. Dist. LEXIS

11

199345, *4–5 (N.D. Ohio Nov. 6, 2023). However, the Court has the inherent authority to *sua sponte* order Plaintiff to amend the complaint to provide a more definite statement. *See Taylor v. City of Cleveland*, No. 1:05-cv-2983, 2006 WL 1982968, at *1 n.3 (N.D. Ohio July 13, 2006) ("[T]he Court may, *sua sponte*, order Plaintiff to file an amended complaint that clarifies his claims."); *Blick v. Ann Arbor Pub. Sch. Dist.*, No. 19-12127, 2021 U.S. Dist. LEXIS 263874, at *5 (E.D. Mich. Sep. 30, 2021) ("Moreover, 'pursuant to its supervisory power, a court may *sua sponte* order a more definite statement.'" (citations omitted)); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015) (noting that when a defendant fails to move for a more definite statement in light of a "shotgun pleading," "the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead"); *Dumas v. Hurley Med. Ctr.*, No. 10-12661, 2011 U.S. Dist. LEXIS 838, at *3 (E.D. Mich. Jan. 5, 2011) ("When a complaint fails to clearly state causes of action such that defendants can be fairly required to respond, the court may issue an order requiring a more definite statement *sua sponte*."); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.").

      The Court will therefore order Plaintiff to file a more definite statement, in the form of an amended complaint, that complies with Fed. R. Civ. P. 8(a) and 10(b), within fourteen days of the issuance of this Order. Each count in Plaintiff's amended complaint should: (i) clearly identify and label the claim/cause of action asserted in that count; (ii) provide citation to the specific statute, Amendment, or legal basis under which each specific claim is brought; (iii) clearly identify the defendant(s) against whom each specific claim is asserted; and (iv) identify the specific factual

allegations that apply to each specific defendant or defendants, if a claim is asserted against more than one defendant.³ Plaintiff cannot reassert any claims against the Individual Defendants that were dismissed with prejudice. Plaintiff cannot assert any new claims that were not already incorporated in the original complaint without first requesting permission of the Court.

V.   **CONCLUSION**

For the forgoing reasons, the Individual Defendant's Motion for Judgment (ECF No. 17) is **GRANTED IN PART AND DENIED PART**. All claims asserted against the Individual Defendants under Title VII, the Ohio Civil Rights Act, and the ADEA are **DISMISEED WITH PREJUDICE**. All due process claims against the Individual Defendants, as clarified by Plaintiff (based on rights protected under Title VII), are **DISMISSED WITH PREJUDICE**. The Court **DENIES** the Individual Defendants' request to dismiss them from this action. The pleadings are deficient such that the Court cannot determine whether any other claims (defamation, assault, breach of confidentiality, etc.) were asserted against the Individual Defendants, and the Individual Defendants made no argument to dismiss such claims.

Within fourteen (14) days of this Order, Plaintiff **SHALL** file a more definite statement, in the form of an amended complaint, that complies with both the Federal Rules of Civil Procedure and the instructions in this Order.

**IT IS SO ORDERED.**

Date: July 25, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

³ If Plaintiff intends to assert multiple claims for violations of due process, for example, the Court is not requiring that each of those specific claims be asserted in separate counts. Plaintiff can assert multiple claims based on the same cause of action (*e.g.*, procedural due process violations) so long as the separate instances/claims are clearly and sufficiently identified and alleged within that single count.